Alejandro P. Gutierrez, SBN 107688
**HATHAWAY, PERRETT, WEBSTER, POWERS,**
**CHRISMAN & GUTIERREZ, APC**
200 Hathaway Building
5450 Telegraph Road, Suite 200
Post Office Box 3577
Ventura, CA  93006-3577
Telephone: (805) 644-7111
Facsimile: (805) 644-8296
E-mail:  agutierrez@hathawaylawfirm.com

Daniel J. Palay, SBN 159348
Brian D. Hefelfinger, SBN 253054
**PALAY HEFELFINGER, APC**
1484 E. Main Street
Suite 105-B
Ventura, CA 93001
Telephone: (805) 628-8220
Facsimile: (805) 765-8600
E-mail: djp@calemploymentcounsel.com

Attorneys for Plaintiff JESSICA DURAN and the Putative Class

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA DURAN, an individual, for herself and those similarly situated; ROES 1 through 30,000; and the Putative Class,<br><br>Plaintiffs,<br><br>vs.<br><br>SEPHORA USA, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO:<br><br>**CLASS ACTION**<br><br><br>**COMPLAINT FOR:**<br><br>1) **WAGES OWED;**<br>2) **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200;**<br>3) **VIOLATION OF CALIFORNIA LABOR CODE § 226**<br>4) **VIOLATION OF CALIFORNIA LABOR CODE § 212** |

///

///

**TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORDS:**

COMES NOW, Plaintiff JESSICA DURAN, ROES 1 through 30,000 and the Putative Class herein (the "Plaintiffs"), and submits the following Complaint against defendant SEPHORA USA, INC., DOES 1 through 100, and each of them, as follows:

## GENERAL ALLEGATIONS

1. At all times herein mentioned, Plaintiff JESSICA DURAN is an individual, is a resident of the State of California and was working for the Defendants in the County of Los Angeles, State of California.

2. At all times herein mentioned SEPHORA USA, INC. (herein referred to as "SEPHORA" or "Employer") is a Delaware corporation doing business in the State of California, with its corporate headquarters in San Francisco, California.

3. Members of the class herein have performed work throughout California, for which they were not paid in accordance with California law, and Employer engages in business within California.

4. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 100, inclusive, and by reason thereof sues said Defendants by their fictitious names. Plaintiffs will ask leave of Court to amend this complaint to allege the true names and capacity of said Doe Defendants when the same have been fully and finally ascertained.

## CLASS ACTION ALLEGATIONS

5. This action is brought by the Plaintiff referenced above on her own behalf and on behalf of all persons similarly-situated. The class herein consists of all employees of SEPHORA who are/were non-exempt and paid hourly wages; who have worked in California for SEPHORA between March 9, 2017 and the present, who do/did not cross state lines in performance of their duties, who worked overtime and received compensation that included a non-discretionary bonuses; have not received full and correct pay for all hours worked, have not received accurate itemized wages statements required pursuant to Labor Code section 226, and who have not fully and completely released all of the claims. The class represents over 1000 persons and is so numerous that the joinder of each member of the class is impracticable.

6. This action is brought pursuant to the Ninth Circuit holding in *Morris v. Ernst & Young, LLP*, 2016 WL 4433080 (9th Cir. Aug. 22, 2016) holding that a class action waiver violates the NLRA and "cannot be enforced." The Ninth Circuit in rendering its opinion, noted that "The Board has concluded that an employer violates the NLRA "when it requires employees covered by the Act, as a condition of their employment, to sign an agreement that precludes them from filing joint, class, or collective claims addressing their wages, hours, or other working conditions against the employer in any forum, arbitral or judicial." *Id.* at *2. Accordingly, in this case to the extent any putative class member may have signed an agreement waiving his or her right to file a class action relating to wages, it is unenforceable.

7. There is a well-defined community of interest in the questions about law and fact affecting the class represented herein. The class members' claims against Defendants involve questions of common or general interest, in that each class member was employed by Defendants and each was erroneously classified as exempt from overtime and not paid wages owed. These questions are such that proof of a state of facts common to the members of the class will entitled each member of the class to the relief requested in this complaint.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction for all state law claims asserted under California law pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), in that the estimated damages involved in those claims will exceed $5,000,000 and the parties to this action are residents of different states.

9. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) because Defendants' obligations and liability(ies) arise, in part, in this District; further, Defendant conducts business in this District and the Plaintiffs performed work in this District.

10. The United States District Court for the Northern District has personal jurisdiction because Defendant conducts business within this District.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant has offices, conducts business and can be found in the District, and the causes of action set forth herein

have arisen and occurred in part in the District. Venue is further proper under 29 U.S.C. § 1132(e)(2) because Defendant has substantial business contacts within the State of California.

/

## FIRST CAUSE OF ACTION

### (Failure to Pay Wages – Against SEPHORA USA, INC. and Does 1 through 100)

12. Plaintiffs refer to paragraphs 1 through 11 and incorporate the same by reference as though fully set forth herein.

13. Plaintiff JESSICA DURAN and the class members are employees who worked or have been working for Defendants during the period of March 9, 2013 to the present. Plaintiffs and the class worked as non-exempt employees for Defendants. Plaintiffs and all members of the class regularly worked hours for which they were not paid the correct hourly wage. Specifically, Plaintiff and each class member were not paid overtime or double-time in accordance with California law.

14. Further, it is alleged that Defendants intentionally denied the class wages that should have been paid and violated California *Labor Code* section 510 and applicable IWC wage orders. Specifically, California law requires that the payment of a non-discretionary bonus must be included in the calculation of the overtime hourly rate. This did not occur.

15. *Labor Code* section 200 defines "wages" as including all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

16. California *Labor Code* section 202 provides that all wages shall become due and payable not later than 72 hours after the employee provides notice of his/her intention to quit. In this case, Defendants and each of them have refused and continue to refuse to pay Plaintiffs' wages.

17. Defendants have willfully failed to pay without abatement or reduction, in accordance with *Labor Code* section 201 and 202, all of the wages of Plaintiffs. Defendants are aware that they owe the wages claimed, yet they have willfully failed to make payment. As a result, Plaintiffs seek wages and penalties pursuant to *Labor Code* section 203.

18. Plaintiffs herein have been available and ready to receive wages owed to them including overtime wages.

19. Plaintiffs have never refused to receive any payment, nor have Plaintiffs been absent from his or her regular place of residence.

20. Defendants' failure to pay Plaintiffs' wages due and owing Plaintiffs as alleged hereinabove was willful in that Defendants have knowingly refused to pay any portion of the amount due and owing Plaintiffs.

21. Pursuant to *Labor Code* sections 218.5 and 1194, Plaintiffs request the Court to award Plaintiffs' reasonable attorneys' fees and costs incurred in this action. Plaintiffs also request all unpaid wages, waiting time penalties, and interest.

WHEREFORE, Plaintiffs demand judgment against Defendants and each of them, as follows:

1. For wages owed according to proof;
2. For prejudgment interest at the statutory rate;
3. For statutory penalties;
4. For attorneys' fees pursuant to *Labor Code* sections 218.5 and 1194;
5. For costs of suit; and
6. For any other and further relief that the Court considers just and proper.

## SECOND CAUSE OF ACTION

**(Unfair Competition and Violation of Bus & Prof. Code § 17200 et seq.**

**Against SEPHORA USA, INC. and Does 1 through 100)**

22. Plaintiffs refer to paragraphs 1 through 21 and incorporate the same by reference as though fully set forth herein.

23. This cause of action is being brought pursuant to *Business & Professions Code* section 17200 et seq. and the California case law, including *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163.

24. It is alleged that Defendants willfully failed to pay employees' wages owed and failed to provide lawful wage deduction statements. These actions alleged herein, specifically Defendants' failure to pay both current employees and past employees' wages owed, and the failure to supply lawful

wage deduction statements constitutes an unfair business practice under California *Business and Professions Code* section 17200 et seq.

25. As a result of their conduct, Defendants profited from breaking the law. Plaintiffs seek disgorgement of this unlawfully obtained benefit.

26. California *Business & Professions Code* section 17203 provides in relevant part as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use of employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 282 of the Code of Civil Procedure, but these limitations do not apply to claims brought under this chapter by the Attorney General or any district attorney, county counsel, city attorney, or city prosecutor in this state.

27. As a result of the alleged actions by Defendants and each of them, Plaintiffs herein have suffered injury in fact and have lost money as a result of such unfair competition.

28. In this case, it is requested that this Court order such restitution.

WHEREFORE, Plaintiffs demand judgment against defendants and each of them, as follows:

1. For an equitable order, ordering Defendants to pay all former and current non-exempt employees all wages, interest, and penalties they are owed;
2. For an appointment of a receiver to perform an accounting of all monies owed to these former and current employees;
3. For any and all injunctive relief this Court deems necessary pursuant to California *Business & Professions Code* section 17203;
4. For costs of suit;
5. For prejudgment interest pursuant to *Civil Code* sections 3288 and 3291 on all amounts claimed; and
6. For any other and further relief that the Court considers just and proper.

## THIRD CAUSE OF ACTION

(Violation of *California Labor Code* § 226 –

Against SEPHORA USA, INC. and Does 1 through 100)

29. Plaintiffs refer to paragraphs 1 through 27 and incorporate the same by reference as though fully set forth herein.

30. California *Labor Code* section 226 provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece- rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) *all applicable hourly rates in effect during the pay period* and the corresponding number of hours worked at each hourly rate by the employee [emphasis added].

31. In this case, Defendants have knowingly and intentionally failed to provide such wage deduction statements. In this matter, the applicable hourly overtime rate was not provided. The failure to provide such wage-deduction statements was not an "accident;" Defendants have failed and continue to fail to provide such wage deductions statements.

32. Plaintiffs have been damaged by Defendants' failure to provide proper wage statements. *Labor Code* section 226 relates that "[a]n employee is deemed to suffer injury" where the employer "fails to provide accurate and complete information" as required by the statute. *Cal. Lab. Code* § 226(e)(2). Further, as set forth in *Wang v. Chinese Daily News, Inc.* (C.D. Cal.2006) 435 F.Supp.2d 1042, Plaintiffs have had to reconstruct the number of overtime hours worked and perform arithmetic computations to determine what they are owed (an employee suffers injury because (1) the employee might not be paid overtime to which she was entitled and (2) the absence of an hourly rate prevents an employee from challenging the overtime rate paid). *Id.*; see also *Cicairos v. Summit Logistics, Inc.*, 133

Cal.App.4th 949, 955, 35 Cal.Rptr.3d 243 (2005) (explaining that Section 226 is violated if employees are required to perform "arithmetic computations" to determine their hourly rates).

33. Pursuant to California *Labor Code* section 226.3, damages are appropriate according to proof at the time of trial.

34. Pursuant to *Labor Code* section 226(4), Plaintiffs request the Court to award Plaintiffs reasonable attorneys' fees and costs incurred by Plaintiffs in this action. Plaintiffs also request an injunction and/or order that the Defendants provide these wage statements to Plaintiffs and the class.

WHEREFORE, Plaintiffs demand judgment against Defendants and each of them as follows:

1. For an injunction ordering the defendants to provide the proper wage statements pursuant to California *Labor Code* section 226(g) to Plaintiffs;
2. For compensatory damages and penalties pursuant to California *Labor Code* sections 226 and 226.3 *et seq.*
3. For reasonable attorney's fees, pursuant to law (*Labor Code* § 226(e));
4. For costs of suit; and
5. For any other and further relief that the Court considers proper.

### FOURTH CAUSE OF ACTION

**(Violation of *California Labor Code* § 212**

**Against SEPHORA USA, INC. and Does 1 through 100)**

35. Plaintiffs refer to paragraphs 1 through 34 and incorporate the same by reference as though fully set forth herein.

36. California *Labor Code* section 212 provides:

> (a) No person, or agent or officer thereof, shall issue in payment of wages due, or to become due, or as an advance on wages to be earned:
>
> (1) Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument, and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer

has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment.

(2) Any scrip, coupon, cards, or other thing redeemable, in merchandise or purporting to be payable or redeemable otherwise than in money.

(b) Where an instrument mentioned in subdivision (a) is protested or dishonored, the notice or memorandum of protest or dishonor is admissible as proof of presentation, nonpayment and protest and is presumptive evidence of knowledge of insufficiency of funds or credit with the drawee.

(c) Notwithstanding paragraph (1) of subdivision (a), if the drawee is a bank, the bank's address need not appear on the instrument and, in that case, the instrument shall be negotiable and payable in cash, on demand, without discount, at any place of business of the drawee chosen by the person entitled to enforce the instrument.

37. In this case, Defendants engaged (and engages) in the process of providing Plaintiff and the putative class with debit/credit cards, instead of actual paychecks. These cards were given unfunded and employees were required to await payment. Further, Plaintiff Duran and other similarly-situated employees were required to incur a fee in order to use the card. The card was not redeemable for cash.

38. Plaintiffs have been damaged by Defendants' failure to pay its employees in accordance with *Labor Code* § 212 *et. seq.* Each of the damaged Plaintiffs incurred fees to obtain their wages earned and resulting in the payment of less than the full amount of what was earned.

39. Pursuant to California *Labor Code* section 212 *et. seq.*, damages are appropriate according to proof at the time of trial.

40. Pursuant to *Labor Code* section 218.5 *et seq.* Plaintiffs request the Court to award Plaintiffs reasonable attorneys' fees and costs incurred by Plaintiffs in this action.

WHEREFORE, Plaintiffs demand judgment against Defendants and each of them as follows:

1. For compensatory damages and penalties pursuant to California *Labor Code* sections 212 *et seq.*

2. For reasonable attorney's fees, pursuant to law (*Labor Code* § 218.5)

3. For interest according to proof;

4. For costs of suit; and

5. For any other and further relief that the Court considers proper.

Dated: March 9, 2017

HATHAWAY, PERRETT, WEBSTER, POWERS,
CHRISMAN & GUTIERREZ, APC

By _____
ALEJANDRO P. GUTIERREZ
Attorneys for Plaintiff JESSICA DURAN and the Putative Class