UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA DURAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SEPHORA USA, INC.,<br><br>　　　　　Defendant. | Case No. 17-cv-01261-WHO<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND RELATED MATTERS**<br><br>Re: Dkt. Nos. 32, 35 |

　　　　On June 23, 2017 defendant Sephora USA, Inc. ("Sephora") moved to dismiss plaintiff Duran's Second Amended Complaint under Rule 12(b)(1), asserting that this court lacks jurisdiction to hear Duran's class claims under CAFA. Motion to Dismiss ("MTD") at 2 (Dkt. No. 32). In response, Duran filed a motion for leave to amend seeking to add Fair Labor Standard Act ("FLSA") claims to her complaint. Motion for Leave to Amend ("Mot. for Leave") at 2 (Dkt. No. 35). She asserts that the motion to dismiss should be denied because her proposed FLSA claims would unquestionably give this court federal question jurisdiction and obviate Sephora's argument that subject matter jurisdiction is not met under CAFA. Opposition to Motion to Dismiss ("MTD Oppo.") at 2 (Dkt. No. 36). She also argues that the motion should be denied because Duran has satisfied CAFA's minimum diversity requirement and Sephora waived its right to challenge Duran's class claims under CAFA's local controversy and home-state exceptions. *Id.* Sephora opposes the motion for leave, arguing that Duran has acted in bad faith by seeking leave to amend. Opposition to Motion for Leave ("Leave Oppo.") at 3 (Dkt. No. 39).

　　　　Because I conclude that the home-state controversy exception to CAFA applies to this case, Sephora's motion to dismiss under 12(b)(1) is GRANTED. While it appears that Duran's motion for leave serves a clear tactical purpose, there is insufficient evidence that her new FLSA claims are asserted in bad faith to deny leave under Rule 15's liberal amendment standard.

1 Duran's motion for leave to amend is GRANTED. As outlined below, I request supplemental
2 briefing on Sephora's assertion that, if leave is granted, I should decline supplemental jurisdiction
3 over Duran's state law claims.

## BACKGROUND

Duran filed suit on March 9, 2017, bringing California labor claims on behalf of herself and a purported class of Sephora employees. Complaint (Dkt. No. 1). Duran filed a First Amended Complaint ("FAC") on March 31, 2017, before Sephora had filed any response, to correct a minor error. FAC (Dkt. No. 15). She filed a Second Amended Complaint ("SAC") on May 16, 2017 to add a claim for civil penalties under California's Private Attorney's General Act ("PAGA"). SAC (Dkt. No. 22). It appears that by filing the SAC without obtaining leave of court or Sephora's consent, Duran failed to comply with the requirements of Rule 15(a)(2). Fed. R. Civ. P. 15(a)(2) (unless party may amend as a matter of right, it "may amend its pleading only with the opposing party's written consent or the court's leave."). Nevertheless, the parties met and conferred and Sephora subsequently accepted Duran's filing in exchange for an extension on the deadline to respond to the SAC. *See* Dkt. No. 27.

On June 13, 2017, I held an initial case management conference in this case. Minute Entry (Dkt. No. 31). At that conference, Sephora noted its belief that Duran's claims do not meet the requirements of CAFA and argued that this court lacks subject-matter jurisdiction to hear them. *Id.* I stayed discovery in the case pending resolution of the jurisdictional questions and invited Sephora to file a motion to dismiss. *Id.*

On June 23, 2017, Sephora filed a motion to dismiss under Rule 12(b)(1) asserting that Duran's claims fail to meet CAFA's minimum diversity requirements or fall under one of the CAFA exceptions because more than two thirds of the class had last known residential addresses in California. MTD at 2. In support of this argument, Sephora attached a declaration from Charlie Diaz, Sephora's Senior Manager for Compliance and Analytics, who declared that after reviewing Sephora's records, he had determined that over 98% of putative class members were California residents. Dias Decl. ¶ 5 (Dkt. No. 32-2).

Counsel for Duran subsequently contacted Sephora to request that Sephora provide the

data supporting Diaz's declaration to help Duran evaluate Sephora's motion. Stathopoulos Decl. ¶ 5, Ex. B (Dkt. No. 39-2). He stated that "[i]f the data shows that greater than 2/3s of the proposed class members have/had California addresses, we may be in a position to address our client's individual claims." *Id.* He followed up with Sephora's counsel the next day, reiterating his request for the data and also requesting an extension to respond to the motion to dismiss. Stathopoulos Decl. ¶ 6 (Dkt. No. 39-1). Later that day, Sephora sent Duran's counsel two Excel spreadsheets containing data showing the City, State, and Postal Code of the current and former Sephora employees that are members of the putative class. *Id.* Sephora's counsel also proposed a stipulation to extend Duran's and Sephora's deadlines to respond and reply to the motion to dismiss. *Id.* The parties filed a stipulation to extend these deadlines on July 3, 2017. Dkt. No. 33.

On July 10, 2017, Duran's counsel contacted Sephora to inquire as to whether "by the close of business tomorrow [Sephora] will stipulate to an order allowing Plaintiff Jessica Duran to file a third amended complaint . . . to include a claim under FLSA based on the same underlying facts included in her original complaint." Stathopoulos Decl. ¶ 8, Ex. D. Sephora declined to stipulate to this request. *Id.*

Duran filed her motion for leave to file a Third Amended Complaint ("TAC") on July 12, 2017, and proposed adding a nationwide FLSA claim. Mot. for Leave.

## LEGAL STANDARD

**MOTION TO DISMISS**

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Id.*

A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the jurisdictional challenge is confined to the allegations pled in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

1   The challenger asserts that the allegations in the complaint are insufficient "on their face" to
2   invoke federal jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.
3   2004). To resolve this challenge, the court assumes that the allegations in the complaint are true
4   and draws all reasonable inferences in favor of the party opposing dismissal. *See Wolfe*, 392 F.3d
5   at 362.
6       "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by
7   themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. To resolve
8   this challenge, the court "need not presume the truthfulness of the plaintiff's allegations." *Id.*
9   (citation omitted). Instead, the court "may review evidence beyond the complaint without
10  converting the motion to dismiss into a motion for summary judgment." *Id.* (citations omitted).
11  Once the moving party has made a factual challenge by offering affidavits or other evidence to
12  dispute the allegations in the complaint, the party opposing the motion must "present affidavits or
13  any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses
14  subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also*
15  *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

**MOTION FOR LEAVE**

17      Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when
18  justice so requires." Fed. R. Civ. P. 15(a). However, it "is not to be granted automatically."
19  *Jackson v. bank of Hawaii*, 902 F. 2d 1385, 1387 (9th Cir. 1990). Courts generally weigh the
20  following factors to determine whether leave should be granted: "(1) bad faith, (2) undue delay,
21  (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has
22  previously amended his complaint." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715
23  F.3d 716, 738 (9th Cir. 2013). "Not all of the factors merit equal weight. As this circuit and
24  others have held, it is the consideration of prejudice to the opposing party that carried the greatest
25  weight. Prejudice is the touchstone of the inquiry under Rule 15(a)." *Eminence Capital, LLC v.*
26  *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any
27  of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave
28  to amend." *Id.* at 1052 (emphasis in original).

4

**DISCUSSION**

**I.    MOTION TO DISMISS**

Sephora has moved to dismiss Duran's claims under 12(b)(1) arguing that she has failed to establish subject-matter jurisdiction under CAFA. Sephora argues that Duran has not demonstrated minimum diversity and that Duran's claims fall under the local controversy and home-state controversy exceptions to CAFA. Duran argues that minimum diversity is met. She does not challenge the merits of Sephora's assertion that her claims fall under the local controversy and home-state exceptions to CAFA, instead arguing that Sephora has waived the right to raise these exceptions through delay. Because I conclude that the home-state controversy exception applies to Duran's claim, and that Sephora has not waived the right to raise this exception, I decline to consider Sephora's other grounds for dismissal.

**A.    The Home State Controversy**

The home-state controversy exception is outlined in section 1332(d)(4)(B), which provides that "[a] district court shall decline to exercise jurisdiction under [§ 1332(d)(2) where] two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). This exception clearly applies to plaintiffs' claim.

Duran has brought claims on behalf of a putative class of current and former California employees. Sephora's records show that over 98% of the putative class members are residents of California. Diaz Decl. ¶ 5. Duran does not contest the accuracy of this figure.

Duran's claims are asserted only against Sephora, a corporation incorporated in the state of Delaware and headquartered in San Francisco, California. For the purposes of diversity, corporations are considered citizens of the state in which they are incorporated, and the state in which they have their principal place of business. 28 U.S.C. § 1332(c)(1). Sephora is therefore a California citizen because it has its principal place of business in California.

All the requirements of the home-state controversy exception are met. Well more than two-thirds of the putative class members are California residents, and the only defendant sued in this case is a California resident. As this case was originally filed in California, the home-state

controversy exception is met and under 1332(d)(4)(B) I am required to decline to exercise jurisdiction over Duran's claims.

### B.     Waiver

Duran does not attempt to argue that the home-state controversy exception does not apply, but asserts that Sephora has waived the right to raise this issue through delay. Duran's argument is not convincing.

The exceptions to CAFA jurisdiction, including the home-state controversy exception, are not jurisdictional in nature. *See Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 869 (9th Cir. 2013). Because of this, Duran asserts that I should apply § 1447(c), which governs the time to remand a CAFA case based on non-jurisdictional defects, to the home-state controversy exception raised here. Then, because § 1447(c) lays out a 30 day time limit, Duran asserts that Sephora's home-state controversy exception argument, raised in its motion to dismiss more than 100 days after the initial complaint was filed, is untimely. MTD Oppo. at 5.

Although the Ninth Circuit has not directly addressed this issue, the cases from the courts that have do not support Duran's position. In *Graphic Commc'ns Local 1B Health & Welfare Fund A v. CVS Caremark Corp.*, 636 F.3d 971, (8th Cir. 2011), the Eight Circuit rejected the argument that CAFA exceptions are governed by the requirements of § 1447(c), concluding that they are not subject to this provision because they are not "defects" under the statute. The court held that, instead, CAFA exception arguments must be raised within a "reasonable time." *Id.* The Second Circuit adopted this ruling in *Gold v. New York Life Ins. Co.*, 730 F.3d 137 (2d Cir. 2013), holding that "motions to dismiss under CAFA's home state exception must [] be made within a reasonable time." Following these opinions, Judge Whyte recently held that "[t]here is no statutory time limit for bringing a motion to remand based on an exception to CAFA jurisdiction, but other circuit courts have held that such motions must be brought in a reasonable time, and Ninth Circuit case law suggests the same analysis." *See Garza v. Brinderson Constructors, Inc.*, 178 F. Supp. 3d 906, 915 (N.D. Cal. 2016). These courts have held that "what is reasonable will vary according to the relevant facts." *Gold*, 730 F.3d at 142.

Assuming that the "reasonable time" requirement applicable to motions to remand would

1  also apply to a motion to dismiss a case filed first in federal court, Sephora complied with this
2  standard. It formally raised the home-state controversy exception in its motion to dismiss on June
3  23, 2017, 107 days after the initial complaint, 38 days after the SAC (in line with the parties'
4  stipulation), and while the case was in its very early stages. At the time Sephora filed its motion to
5  dismiss the parties had not engaged in any motions practice or discovery. Further, Sephora had
6  indicated in previous communications with Duran that it believed the home-state controversy
7  exception applied to her claims. *See e.g.*, (Dkt. No. 29). On the facts presented, Sephora raised
8  this issue within a reasonable time. *See Garza*, 178 F. Supp. 3d at 915 (motion to remand filed
9  173 days after removal was not unreasonable because "it was filed 35 days after the Second
10 Amend Complaint and while this case was still in the early stages of motions practice and
11 discovery"); *Gold*, 730 F.3d at 142 (motion to remand filed three years after complaint was filed
12 was reasonable because application of the exception was complicated by discovery).

13 The home-state controversy exception applies to the facts here and Sephora did not waive
14 the right to assert the exception through delay. I must therefore "decline to exercise jurisdiction"
15 over these claims under CAFA. Sephora's motion to dismiss Duran's claims is GRANTED.

## II.     MOTION FOR LEAVE

Sephora argues that leave should be denied because Duran unduly delayed in seeking leave to add a FLSA claim, and because its decision to add a FLSA claim now is a bad-faith attempt to avoid dismissal of its case. While it appears that Duran could have pleaded her FLSA claim in her original complaint and is likely seeking to add a FLSA claim now, in part, to secure subject-matter jurisdiction in this court, the evidence of undue delay or bad faith is relatively weak. Because the case is in its early stages, discovery has not yet begun, the FLSA claims may be meritorious, and the prejudice to Sephora is minimal or non-existent, there is insufficient justification to deny leave.

### A.      Undue Delay

Sephora asserts that Duran unduly delayed in seeking to bring her FLSA claim, arguing that because she could have asserted this claim in her original complaint her attempt to raise it now, four months later, is untimely. Leave Oppo. at 6. While it does appear that Duran could

have brought her FLSA claims in her original complaint, a delay of four months while the case is still in its early stages is not undue delay. *B.R. & W.R. v. Beacon Health Options*, No. 16-cv-04576-MEJ, 2017 WL 930796 *2 (N.D. Cal. Mar. 9, 2017) (delay of five months was not undue delay when the action was "still in its incipient stage").

### B. Bad Faith

Sephora also argues that Duran's attempt to add a FLSA claim now, in the face of Sephora's motion to dismiss, is evidence of bad faith. Leave Oppo. at 7. It cites several cases in which courts have denied leave where a party sought leave to amend for apparent tactical reasons. While these cases demonstrate that tactical amendments may evidence bad faith and justify denying leave, the cases Sephora cites are all clearly distinguishable from the facts here.

Sephora first cites to *Trans Video Electronics, Ltd. v. Sony Electronics, Inc.*, 278 F.R.D. 505, 510 (N.D. Cal. 2011), in which Judge Chen denied a plaintiff leave to add a new patent claim two years after the start of litigation and after the completion of summary judgment briefing as a "last-ditch attempt to avoid the case being dismissed in its entirety." *Trans Video* is clearly distinguishable from this case because the plaintiff in that case significantly delayed in raising its claim, and the case was much further along when it sought leave.

Sephora also cites to *Hernandez v. DMSI Staffing, LLC*, 79 F. Supp. 3d 1054, 1059 (N.D. Cal. 2015), in which Judge Chen denied a plaintiff leave to dismiss a claim, concluding that she had included the claim in her federal case in order to "preview" the defendants' briefing on the issue, and was seeking to dismiss the claim after forcing the defendants to engage in motion practice regarding the claim so that she could pursue it in state court under more favorable case law. He concluded that "[s]uch a tactic is not countenanced by Rule 15, particularly where there is prejudice to Defendants." *Id.* at 1060. While there is some tactical aspect to Duran's request to add a FLSA claim to her complaint, she has not engaged in the type of tactical maneuvering Judge Chen found to be bad faith in *Hernandez*. Duran's decision to bring a FLSA claim, after apparently discovering that she may lack CAFA jurisdiction, is not in the same ballpark as the plaintiff's conduct in *Hernandez*. There is no evidence that Duran intentionally left out a FLSA claim to "preview" Sephora's briefing on the CAFA issue, or that this briefing may give Duran an

8

unfair advantage later on. Instead, Duran has simply proposed amending her complaint to resolve the jurisdictional issue raised in Sephora's motion to dismiss.

Finally, Sephora cites to *Eureka v. LLC v. Town of Ridgefield*, 289 F.R.D. 27, 32 (D. Conn. 2012), in which the District of Connecticut concluded that a plaintiffs' attempt to add new allegations nine years into the case, seven months after summary judgment had been granted on some claims, and four months after motions for judgment had been filed, was made in bad faith and in an attempt to delay the case. The facts of *Eureka* are in stark contrast to those here. Duran waited only a few months to seek leave to add these FLSA claims and the case has barely progressed.

Duran's decision to add FLSA claims to avoid the jurisdictional issues raised in Sephora's motion to dismiss is insufficient evidence of unfair tactical maneuvering to demonstrate the type of bad faith that would justify denying leave.

### C. Prejudice to Sephora

Sephora argues that it will suffer prejudice as a result of the proposed amendment because it will be forced to litigate duplicative actions in piecemeal fashion, as there are already three similar actions proceeding in California Superior Court. Leave Oppo. at 8. This argument is not persuasive. To the extent being forced to litigate in piecemeal fashion is prejudicial, Sephora is already facing this prejudice as it is already litigating the state law claims in two forums. Sephora is not currently litigating FLSA claims in state court. Therefore the addition of FLSA claims to this case would not cause any additional prejudice to Sephora. While it is true that adding FLSA claims may prevent Sephora from securing an early dismissal of this case, the harm of being forced to litigate a case is generally not considered legal prejudice. *Cf. TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) ("being forced to litigate on the merits cannot be considered prejudicial for the purposes of lifting a default judgment").

Given Rule 15(a)'s liberal amendment standard, there is simply insufficient evidence of undue delay, bad faith, and prejudice to Sephora, to deny Duran's motion for leave at this early stage of the litigation. Duran's motion for leave is GRANTED. Duran should file its proposed TAC, *see* Dkt. No. 35-2, as an original document on the docket.

### III.    SUPPLEMENTAL JURISDICTION

Sephora argues that if I grant leave to amend, I should nevertheless decline to exercise supplemental jurisdiction over Duran's state law claims as there are already three cases asserting the same claims proceeding in state court.  Leave Oppo. at 8-10.  Duran refuses to reply to this argument, asserting that these issues should be raised in a separate motion to dismiss once Duran has amended her complaint.  Leave Reply at 8 (Dkt. No. 41).

Sephora has raised strong potential justifications for declining supplemental jurisdiction of Duran's state law claims.  However, it only raised the issue for the first time in its opposition for leave and in its reply in support of its motion to dismiss.  Duran presented no response on the merits.  I would benefit from additional briefing on the issue of whether I should decline supplemental jurisdiction of Duran's state law claims.  Sephora, if it chooses, may file an additional brief on this issue within one week of this order (August 18) of no more than 11 pages.  Duran shall file an opposition of no more than 15 pages within two weeks of Sephora's additional brief (September1).  Sephora may file a reply within one week after Duran's opposition (September 8).

### CONCLUSION

As outlined above, Sephora's motion to dismiss is GRANTED.  Duran's motion for leave to file a TAC is GRANTED.  Sephora may, and Duran shall, submit additional briefing on the issue of whether I should decline to exercise supplemental jurisdiction over Duran's state law claims in accordance with the schedule above.  The hearing set for August 16, 2017 is CONTINUED to September 20, 2017 to consider whether supplemental jurisdiction is appropriate.

**IT IS SO ORDERED.**

Dated: August 11, 2017



William H. Orrick
United States District Judge