Alejandro P. Gutierrez, SBN 107688
**HATHAWAY, PERRETT, WEBSTER, POWERS, CHRISMAN & GUTIERREZ, APC**
200 Hathaway Building
5450 Telegraph Road, Suite 200
Post Office Box 3577
Ventura, CA 93006-3577
Telephone: (805) 644-7111
Facsimile: (805) 644-8296
E-mail: agutierrez@hathawaylawfirm.com

Daniel J. Palay, SBN 159348
Brian D. Hefelfinger, SBN 253054
**PALAY HEFELFINGER, APC**
1484 E. Main Street
Suite 105-B
Ventura, CA 93001
Telephone: (805) 628-8220
Facsimile: (805) 765-8600
E-mail: djp@calemploymentcounsel.com

Attorneys for Plaintiff JESSICA DURAN and the Putative Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESSICA DURAN, an individual, for herself and those similarly situated; ROES 1 through 30,000; and the Putative Class,<br><br>Plaintiffs,<br><br>vs.<br><br>SEPHORA USA, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO:  3:17-CV-1261-WHO<br><br><u>CLASS ACTION</u><br><br>**THIRD AMENDED COMPLAINT FOR:**<br><br>1) **WAGES OWED;**<br>2) **VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT;**<br>3) **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200;**<br>4) **VIOLATION OF CALIFORNIA LABOR CODE § 226;**<br>5) **VIOLATION OF CALIFORNIA LABOR CODE § 212;**<br>6) **CIVIL PENALTIES UNDER THE LABOR CODE PRIVATE ATTORNEY'S GENERAL ACT [PAGA]; and**<br><br>**DEMAND FOR JURY TRIAL** |

1

**THIRD AMENDED COMPLAINT**

**TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORDS:**

COMES NOW, Plaintiff JESSICA DURAN, ROES 1 through 30,000 and the Putative Class herein (the "Plaintiffs"), and submits the following Third Amended Complaint against defendant SEPHORA USA, INC., DOES 1 through 100, and each of them, as follows:

## GENERAL ALLEGATIONS

1. At all times herein mentioned, Plaintiff JESSICA DURAN is an individual, is a resident of the State of California and was working for the Defendants in the County of Los Angeles, State of California.

2. At all times herein mentioned SEPHORA USA, INC. (herein referred to as "SEPHORA" or "Employer") is a Delaware corporation doing business in the State of California, with its corporate headquarters in San Francisco, California.

3. Members of the class herein have performed work throughout California, for which they were not paid in accordance with California law, and Employer engages in business within California.

4. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 100, inclusive, and by reason thereof sues said Defendants by their fictitious names. Plaintiffs will ask leave of Court to amend this complaint to allege the true names and capacity of said Doe Defendants when the same have been fully and finally ascertained.

## CLASS ACTION ALLEGATIONS

5. This action is brought by the Plaintiff referenced above on her own behalf and on behalf of all persons similarly situated. The class herein consists of all employees of SEPHORA who are/were non-exempt and paid hourly wages; who have worked in California for SEPHORA between March 1, 2013 and the present, who do/did not cross state lines in performance of their duties, who worked overtime and received compensation that included a non-discretionary bonuses; have not received full and correct pay for all hours worked, have not received accurate itemized wages statements required pursuant to Labor Code section 226, and who have not fully and completely released all of the claims. The class represents over 1000 persons and is so numerous that the joinder of each member of the class is impracticable.

6.      This action is brought pursuant to the Ninth Circuit holding in *Morris v. Ernst & Young, LLP*, 2016 WL 4433080 (9th Cir. Aug. 22, 2016) holding that a class action waiver violates the NLRA and "cannot be enforced."  The Ninth Circuit in rendering its opinion, noted that "The Board has concluded that an employer violates the NLRA "when it requires employees covered by the Act, as a condition of their employment, to sign an agreement that precludes them from filing joint, class, or collective claims addressing their wages, hours, or other working conditions against the employer in any forum, arbitral or judicial." *Id.* at *2.  Accordingly, in this case to the extent any putative class member may have signed an agreement waiving his or her right to file a class action relating to wages, it is unenforceable.

7.      There is a well-defined community of interest in the questions about law and fact affecting the class represented herein.  The class members' claims against Defendants involve questions of common or general interest, in that each class member was employed by Defendants and each was erroneously classified as exempt from overtime and not paid wages owed.  These questions are such that proof of a state of facts common to the members of the class will entitled each member of the class to the relief requested in this complaint.

## JURISDICTION AND VENUE

8.      This Court has personal and subject matter jurisdiction over all causes of action asserted herein.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff asserts causes of action arising under federal law. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367. In addition, this Court has jurisdiction over the subject matter of the action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. sections 1332(d), 1453, and 1711 through 1715.

9.      Herein, the estimated damages involved in those claims will exceed $5,000,000 and the parties to this action, including multiple putative class members, are residents of different states including states outside of California.

10.     Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) because Defendants' obligations and liability(ies) arise, in part, in this District; further, Defendant conducts business in this District and the Plaintiffs performed work in this District.

11. The United States District Court for the Northern District has personal jurisdiction because Defendant conducts business within this District.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant has offices, conducts business and can be found in the District, and the causes of action set forth herein have arisen and occurred in part in the District. Venue is further proper under 29 U.S.C. § 1132(e)(2) because Defendant has substantial business contacts within the State of California.

## FIRST CAUSE OF ACTION

**(Failure to Pay Wages – Against SEPHORA USA, INC. and Does 1 through 100)**

13. Plaintiffs refer to paragraphs 1 through 12 and incorporate the same by reference as though fully set forth herein.

14. Plaintiff JESSICA DURAN and the class members are employees who worked or have been working for Defendants during the period of March 1, 2013 to the present. Plaintiffs and the class worked as non-exempt employees for Defendants. Plaintiffs and all members of the class regularly worked hours for which they were not paid the correct hourly wage. Specifically, Plaintiff and each class member were not paid overtime or double-time in accordance with California law.

15. Further, it is alleged that Defendants intentionally denied the class wages that should have been paid and violated California *Labor Code* section 510 and applicable IWC wage orders. Specifically, California law requires that the payment of a non-discretionary bonus must be included in the calculation of the overtime hourly rate. This did not occur.

16. *Labor Code* section 200 defines "wages" as including all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

17. California *Labor Code* section 202 provides that all wages shall become due and payable not later than 72 hours after the employee provides notice of his/her intention to quit. In this case, Defendants and each of them have refused and continue to refuse to pay Plaintiffs' wages.

18. Defendants have willfully failed to pay without abatement or reduction, in accordance with *Labor Code* section 201 and 202, all of the wages of Plaintiffs. Defendants are aware that they owe the wages claimed, yet they have willfully failed to make payment.

19. As a result, Plaintiffs seek wages and penalties pursuant to *Labor Code* section 203.

20. Plaintiffs herein have been available and ready to receive wages owed to them including overtime wages. Plaintiffs have never refused to receive any payment, nor have Plaintiffs been absent from his or her regular place of residence.

21. Defendants' failure to pay Plaintiffs' wages due and owing Plaintiffs as alleged hereinabove was willful in that Defendants have knowingly refused to pay any portion of the amount due and owing Plaintiffs.

22. Pursuant to *Labor Code* sections 218.5 and 1194, Plaintiffs request the Court to award Plaintiffs' reasonable attorneys' fees and costs incurred in this action. Plaintiffs also request all unpaid wages, waiting time penalties, and interest.

WHEREFORE, Plaintiffs demand judgment against Defendants and each of them, as follows:

1. For wages owed according to proof;
2. For prejudgment interest at the statutory rate;
3. For statutory penalties;
4. For attorneys' fees pursuant to *Labor Code* sections 218.5 and 1194;
5. For costs of suit; and
6. For any other and further relief that the Court considers just and proper.

## SECOND CAUSE OF ACTION

**(Violation of the Federal Fair Labor Standards Act ["FLSA"],**

**Against SEPHORA USA, INC. and Does 1 through 100)**

23. Plaintiffs refer to paragraphs 1 through 22 and incorporate the same by reference as though fully set forth herein.

24. Under state and federal law, overtime compensation must be based on an employees' "regular rate." (*See, e.g.,* 29 U.S.C. § 207(1), (2).). The FLSA requires "employers to compensate employees for hours in excess of 40 per week at a rate of 1 ½ times the employees' regular wages." (29 U.S.C. § 207(a)).

/ / /

/ / /

**COLLECTIVE ACTION ALLEGATIONS**

25.     Plaintiff Duran brings this action on behalf of herself and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are as follows:

    a. <u>FLSA Collective</u>: All current and former employees of Sephora who are/were non-exempt and paid hourly wages; who have worked nationwide for SEPHORA between March 1, 2014 and the present; who worked overtime and received compensation that included a non-discretionary bonuses; who have not received full and correct pay for all hours worked; and who have not fully and completely released all of their claims.

26.     Upon information and belief, Defendants knew that Plaintiff Duran and the FLSA Collective performed work that required correct overtime pay. Defendants operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all overtime hours worked. Specifically, Defendants compensated Plaintiff Duran and the FLSA Collective using a compensation structure that provided for an overtime rate which did not incorporate payment(s) of non-discretionary bonus amounts into the calculation of the overtime hourly rate.

27.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff Duran and the FLSA Collective, and as such, notice should be sent to the Collective. There are numerous similarly situated current and former workers who have been denied overtime pay by Defendants in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated workers are known to Defendants and should be readily identifiable through Defendants' records.

28.     On information and belief, the FLSA Collective represents over 3,000 individuals.

29.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

30.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendants were "employers" engaged in interstate commerce and/or in the production of goods for

commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Plaintiff Duran and each member of the FLSA Collective worked for Defendants.

31.  Plaintiff Duran has consented, and hereby does consent, in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

32.  Section 7(a)(1) of the FLSA, 29 U.S.C. 207(a)(1), requires employers to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked in the workweek in excess of forty (40) in a workweek. Defendants violated the FLSA by refusing to pay the FLSA Collective overtime at the proper rate and as required by law.

33.  Throughout the statute of limitations period covered by these claims, Plaintiff and members of the FLSA class regularly worked in excess of forty (40) hours per workweek and continue to do so.

34.  At all relevant times, Defendants have operated under and continue to operate under a compensation structure that provided for an overtime rate which did not incorporate payment(s) of non-discretionary bonus amounts into the calculation of the overtime hourly rate. As a result, Defendants do/did not pay Plaintiffs at proper overtime rates for work in excess of forty (40) hours per workweek in violation of 29 U.S.C. §§ 201 et seq.

35.  Defendants' violations of the FLSA as alleged herein have been done in a willful and bad faith manner such that the FLSA Collective are entitled to damages equal to the amount of overtime premium pay within the three years preceding the filing of this action, plus periods of equitable tolling. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendants from Plaintiff Duran and similarly situated persons for which Defendants are liable under 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and costs.

36.  Plaintiff Duran, on behalf of herself and the FLSA Collective, seeks damages in the amount of all unpaid overtime compensation owed to her and the FLSA Collective, liquidated damages

1 as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

37. The employment and work records for the Plaintiff and the FLSA Collective, such that they do exist, are in the exclusive possession, custody, and control of Defendants, and Plaintiff Duran is unable to state at this time the exact amount owing to her and the FLSA Collective. Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiff Duran's payroll and other employment records from which the amounts of the defendants' liability can be ascertained.

38. Plaintiff Duran, on behalf of herself and the FLSA Collective, seeks recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants and each of them, as follows:

1. For designation of this action as a collective action on behalf of the Plaintiffs and the class they seek to represent pursuant to the Fair Labor Standards Act claims and a prompt issuance of notice pursuant to 29 U.S.C. §216(b), to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §216(b) and equitable tolling of the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. §216(b);A declaratory judgment that the practices complained of herein are unlawful under the FLSA 29 U.S.C. §201 et seq.;
2. For wages owed according to proof;
3. For liquidated damages as provided by the FLSA;
4. For prejudgment interest at the statutory rate;
5. For reasonable attorneys' fees;
6. For costs of suit; and
7. For any other and further relief that the Court considers just and proper.

/ / /

/ / /

# THIRD CAUSE OF ACTION

## (Unfair Competition and Violation of Bus & Prof. Code § 17200 et seq.

## Against SEPHORA USA, INC. and Does 1 through 100)

39. Plaintiffs refer to paragraphs 1 through 39 and incorporate the same by reference as though fully set forth herein.

40. This cause of action is being brought pursuant to *Business & Professions Code* section 17200 et seq. and the California case law, including *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163.

41. It is alleged that Defendants willfully failed to pay employees' wages owed and failed to provide lawful wage deduction statements. These actions alleged herein, specifically Defendants' failure to pay both current employees and past employees' wages owed, and the failure to supply lawful wage deduction statements constitutes an unfair business practice under California *Business and Professions Code* section 17200 et seq.

42. As a result of their conduct, Defendants profited from breaking the law. Plaintiffs seek disgorgement of this unlawfully obtained benefit.

43. California *Business & Professions Code* section 17203 provides in relevant part as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use of employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 282 of the Code of Civil Procedure, but these limitations do not apply to claims brought under this chapter by the Attorney General or any district attorney, county counsel, city attorney, or city prosecutor in this state.

44. As a result of the alleged actions by Defendants and each of them, Plaintiffs herein have suffered injury in fact and have lost money as a result of such unfair competition.

45. In this case, it is requested that this Court order such restitution.

///

WHEREFORE, Plaintiffs demand judgment against defendants and each of them, as follows:

1. For an equitable order, ordering Defendants to pay all former and current non-exempt employees all wages, interest, and penalties they are owed;
2. For an appointment of a receiver to perform an accounting of all monies owed to these former and current employees;
3. For any and all injunctive relief this Court deems necessary pursuant to California *Business & Professions Code* section 17203;
4. For costs of suit;
5. For prejudgment interest pursuant to *Civil Code* sections 3288 and 3291 on all amounts claimed; and
6. For any other and further relief that the Court considers just and proper.

## FOURTH CAUSE OF ACTION

**(Violation of *California Labor Code* § 226 –**

**Against SEPHORA USA, INC. and Does 1 through 100)**

46. Plaintiffs refer to paragraphs 1 through 45 and incorporate the same by reference as though fully set forth herein.

47. California *Labor Code* section 226 provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece- rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) *all applicable hourly rates in effect during the pay period* and the corresponding number of hours worked at each hourly rate by the employee [emphasis added].

///

48. In this case, Defendants have knowingly and intentionally failed to provide such wage deduction statements. In this matter, the applicable hourly overtime rate was not provided. The failure to provide such wage-deduction statements was not an "accident;" Defendants have failed and continue to fail to provide such wage deductions statements.

49. Plaintiffs have been damaged by Defendants' failure to provide proper wage statements. *Labor Code* section 226 relates that "[a]n employee is deemed to suffer injury" where the employer "fails to provide accurate and complete information" as required by the statute. *Cal. Lab. Code* § 226(e)(2). Further, as set forth in *Wang v. Chinese Daily News, Inc.* (C.D. Cal.2006) 435 F.Supp.2d 1042, Plaintiffs have had to reconstruct the number of overtime hours worked and perform arithmetic computations to determine what they are owed (an employee suffers injury because (1) the employee might not be paid overtime to which she was entitled and (2) the absence of an hourly rate prevents an employee from challenging the overtime rate paid). *Id.*; see also *Cicairos v. Summit Logistics, Inc.*, 133 Cal.App.4th 949, 955, 35 Cal.Rptr.3d 243 (2005) (explaining that Section 226 is violated if employees are required to perform "arithmetic computations" to determine their hourly rates).

50. Pursuant to California *Labor Code* section 226.3, damages are appropriate according to proof at the time of trial.

51. Pursuant to *Labor Code* section 226(4), Plaintiffs request the Court to award Plaintiffs reasonable attorneys' fees and costs incurred by Plaintiffs in this action. Plaintiffs also request an injunction and/or order that the Defendants provide these wage statements to Plaintiffs and the class.

WHEREFORE, Plaintiffs demand judgment against Defendants and each of them as follows:

1. For an injunction ordering the defendants to provide the proper wage statements pursuant to California *Labor Code* section 226(g) to Plaintiffs;
2. For compensatory damages and penalties pursuant to California *Labor Code* sections 226 and 226.3 *et seq.*
3. For reasonable attorney's fees, pursuant to law (*Labor Code* § 226(e));
4. For costs of suit; and
5. For any other and further relief that the Court considers proper.

**FIFTH CAUSE OF ACTION**

**(Violation of *California Labor Code* § 212**

**Against SEPHORA USA, INC. and Does 1 through 100)**

52. Plaintiffs refer to paragraphs 1 through 51 and incorporate the same by reference as though fully set forth herein.

53. California *Labor Code* section 212 provides:

> (a) No person, or agent or officer thereof, shall issue in payment of wages due, or to become due, or as an advance on wages to be earned:
>
> (1) Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument, and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment.
>
> (2) Any scrip, coupon, cards, or other thing redeemable, in merchandise or purporting to be payable or redeemable otherwise than in money.
>
> (b) Where an instrument mentioned in subdivision (a) is protested or dishonored, the notice or memorandum of protest or dishonor is admissible as proof of presentation, nonpayment and protest and is presumptive evidence of knowledge of insufficiency of funds or credit with the drawee.
>
> (c) Notwithstanding paragraph (1) of subdivision (a), if the drawee is a bank, the bank's address need not appear on the instrument and, in that case, the instrument shall be negotiable and payable in cash, on demand, without discount, at any place of business of the drawee chosen by the person entitled to enforce the instrument.

54. In this case, Defendants engaged (and engage) in the process of providing Plaintiff and the putative class with debit/credit cards, instead of actual paychecks. These cards were given unfunded and employees were required to await payment. Further, Plaintiff Duran and other similarly-situated employees were required to incur a fee in order to use the card. The card was not redeemable for cash.

55. Plaintiffs have been damaged by Defendants' failure to pay its employees in accordance with *Labor Code* § 212 *et. seq.* Each of the damaged Plaintiffs incurred fees to obtain their wages earned and resulting in the payment of less than the full amount of what was earned.

/ / /

56. Pursuant to California *Labor Code* section 212 et. seq., damages are appropriate according to proof at the time of trial.

57. Pursuant to *Labor Code* section 218.5 et seq Plaintiffs request the Court to award Plaintiffs reasonable attorneys' fees and costs incurred by Plaintiffs in this action.

WHEREFORE, Plaintiffs demand judgment against Defendants and each of them as follows:

1. For compensatory damages and penalties pursuant to California *Labor Code* sections 212 et seq.
2. For reasonable attorney's fees, pursuant to law (*Labor Code* § 218.5
3. For interest according to proof;
4. For costs of suit; and
5. For any other and further relief that the Court considers proper.

## SIXTH CAUSE OF ACTION

**(Action Brought By Plaintiff, As Private Attorneys General, For Civil Penalties Under The Private Attorneys General Act Of 2004**

**Against SEPHORA USA, INC. And DOES 1 Through 100)**

58. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth at paragraphs 1 through 57, as though fully set forth herein.

59. This cause of action is authorized as a matter of substantive law under California Labor Code section 2699.3(a)(2)(C), which provides: "[n]otwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."  Plaintiff's Second Amended Complaint first included this cause of action in the instant matter.

60. Plaintiff brings this cause of action against Defendants in her capacity as a private attorney general (*i.e.* as proxies or agents of the State of California) to recover civil penalties under the Private Attorneys General Act of 2004, which is codified in Labor Code section 2699 et seq. (herein "PAGA"), for Defendants' violations of the Labor Code enumerated herein.

61. Plaintiff is informed, believes, and thereon alleges that at all times pertinent hereto she was an "aggrieved employee" of Defendants, as that phrase is statutorily defined pursuant to Labor Code section 2699(c); in particular, Plaintiff was a person employed by the alleged violators (*i.e.*, Defendants), and against whom one or more of the alleged violations was committed.

62.     Plaintiff has complied with all procedural requirements of the PAGA. In particular, on March 10, 2017, Plaintiff gave written notice by certified mail, and via web portal, to the California Labor and Workforce Development Agency and Defendants of the specific provisions of the Labor Code alleged to have been violated by Defendants, including the facts and theories to support the alleged violations (the "Notice").

63.     Plaintiff is informed, believes, and thereon alleges that she is statutorily authorized to commence a civil action against Defendants pursuant to the PAGA, including Labor Code sections 201, 202, 203, 204, 212, 219, 221, 224, 510, 558, 1194, 1198, 2699.3 and 2699.5, as the California Labor and Workforce Development has failed to notify her that it intends to investigate the alleged violation within sixty (65) calendar days of the postmark date of their receipt of the Notice and at least sixty five (65) calendar days have elapsed from the postmark date of the Notice with the California Labor and Workforce Development having not provided notification of any intention to investigate the alleged violations.

64.     Labor Code section 201 requires immediate payment of all wages owed at the termination of employment. It is alleged that within the last year of the filing of the Complaint, Class Members have been terminated and have not received all wages owed at their termination. Plaintiff seeks civil penalties on behalf of herself and all others similarly situated under Labor Code section 2699, subd. (f) or any other statute that provides for civil penalties for such violations of law.

65.     Labor Code section 202 requires payment of all wages owed within 72 hours of the resignation of an employee, unless the employee gives more than 72-hours' notice, in which case wages are owed at the employee's resignation. It is alleged that within the last year of the filing of the Complaint, Class Members have resigned and have not received all pay owed in a timely fashion after their resignation. Plaintiff seeks civil penalties on behalf of herself and all others similarly situated under Labor Code section 2699, subd. (f) or any other statute that provides for civil penalties for such violations of law.

///

66.     Labor Code section 510 requires employers to pay nonexempt workers overtime premium wages when they work more than eight hours in one day or over forty hours in one week,

and for the first eight hours worked on the seventh straight day of work in a single workweek. This statute also requires employers to pay nonexempt workers doubletime premium wages when they work more than 12 hours in one workday and for all hours worked in excess of eight on the seventh straight day of work in one workweek.

67. In this matter, it is alleged that Sephora intentionally denied the Putative Class wages that should have been paid and violated California *Labor Code* section 510 and applicable IWC wage orders. Specifically, California law requires that the payment of a non-discretionary bonus must be included in the calculation of the overtime hourly rate. This did not occur. Sephora has, as a result, violated the aforementioned Labor Code sections by not paying all overtime and/or doubletime wages to Plaintiff and her fellow hourly employees in California from March 1, 2013 to the present.

68. IWC Wage Order 7-2001 section 3(A) mirrors the overtime and doubletime requirements of Labor Code section 510. Sephora violated Wage Order 7-2001 by not paying overtime or doubletime wages to the Putative Class at the correct hourly rates.

69. Labor Code section 201 requires immediate payment of all wages owed at the termination of employment. It is believed that within the last year, Sephora hourly employees in California have been terminated and have not received their overtime or doubletime wages owed at their termination.

70. Labor Code section 202 requires payment of all wages owed within 72 hours of the resignation of an employee, unless the employee gives more than 72 hours' notice, in which case wages are owed at the employee's resignation. It is alleged that Sephora hourly employees in California have resigned and have not received their overtime or doubletime wages owed in a timely fashion as required by Labor Code section 202.

71. Labor Code section 204 sets timetables for when wages are due each pay period. In effect, most wages earned during a pay period must be paid at the conclusion of that pay period, or the conclusion of the next pay period (in the case of wages earned for labor in excess of the normal work period). Here, overtime wages were owed each pay period in which individuals worked overtime hours, and yet Sephora did not timely pay them the earned overtime.

72. Labor Code section 212 requires that wages due to an employee must be paid in a

manner fully and completely redeemable in cash, without undue restriction. Specifically, payment of wages must be "negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument, and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days." Further, any "scrip, coupon, cards, or other thing redeemable, in merchandise or purporting to be payable or redeemable otherwise than in money" is prohibited.

73. Here, the use of a Payroll card program by the Defendants violates California Labor Code section 212 for multiple reasons. First the card is not "negotiable and payable in cash, on demand, without discount...at some established place of business in the state" in violation of California Labor Code section 212(a)(1). Second, the entire amount of an employee's pay is not necessarily redeemable, also in violation of section 212(a)(1). For example, there are limits placed upon the amount an employee can access through an ATM or other cash machine. Transaction fees also may apply to employees' attempting to get their money. Further, such a card violates section 212(a)(2) as it is not redeemable for money.

74. In the alternative, the Payroll card program may violate the provisions of Labor Code sections 221 and 224. Section 221 makes it unlawful "for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Section 224 relates that, aside from lawful, authorized deductions, employers are not authorized to "withhold *or divert* any portion of an employee's wages" to pay any tax, fee or charge … whether or not the employee authorizes such withholding or diversion." Here, the Sephora Payroll card program unlawfully permits the employer to collect or receive "wages theretofore paid," and/or it causes the withholding or diversion of wages earned to pay fees or other charges unauthorized by law.

75. Labor Code section 219 provides that an employer may not circumvent by way of private agreement the requirements of the wage-and-hour laws of the Labor Code. To the extent that Sephora has promulgated wage-and-hour and payroll card policies that do not comply with California law, or that Sephora will argue that Plaintiff and Putative Class members agreed to work overtime and/or doubletime hours for no additional compensation, Sephora will have violated Labor Code section 219.

76.     Labor Code section 226, subdivision (a) requires employers to put specific, accurate information on their employees' paycheck stubs. This information includes the actual number of hours worked and the applicable rates of pay. Sephora failed to include necessary information on Plaintiff's paycheck stubs, and it is alleged that the violation of Labor Code section 226, subdivision (a) extends to all other Putative Class members.

77.     Labor Code section 1194(a) provides that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to receive in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit. To the extent that Sephora will argue that the employees agreed to work overtime and/or doubletime hours for no additional compensation, and failed to pay minimum wages to Plaintiff, Sephora will have violated Labor Code section 1194(a).

78.     Labor Code section 203 provides: "(a) If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days…" As it is alleged that Sephora has violated Labor Code sections 201 and 202, Plaintiff will, on behalf of herself and all other similarly-situated individuals, seek the civil penalties available under Labor Code section 203.

79.     Labor Code section 210 establishes a civil penalty for violations of Labor Code section 204. Every person who fails to pay the wages of each employee as provided in section 204 shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; and (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.  As it is alleged that Sephora violated Labor Code section 204, Plaintiff will, on behalf of the Putative Class, seek the civil penalties available under Labor Code section 210.

80.     Labor Code section 226.3 provides that any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per

employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

81. It is alleged that Sephora violated Labor Code section 226, subdivision (a), Plaintiff will seek, on behalf of herself and the Putative Class, the civil penalties available under Labor Code section 226.3.

82. Labor Code section 558 provides for a civil penalty against employers who violate Labor Code section 510. The civil penalty is as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. *See also, Thurman v. Bayshore Transit Mgmt., Inc.,* 203 Cal. App. 4th 1112 (2012).

83. It is alleged that Sephora violated Labor Code section 510; as such, Plaintiff will seek, on behalf of herself and all other similarly situated individuals, the available civil penalties, including all underpaid wages, available under Labor Code section 558.

84. Labor Code section 1194.2(a) provides for liquidated damages for payment of a wage less than the minimum wage fixed by an order of the commission or by statute. Section 1194.2(a) entitles the employee to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Plaintiff alleges that Sephora may have violated section 1194.2(a) by failing to pay minimum wages to the Putative Class.

85. Labor Code section 1194.3 provides for the recovery of attorney's fees and costs incurred to enforce a court judgment pursuant to unpaid wages pursuant to Labor Code section 1194. Plaintiff alleges that Sephora violated section 1194 by failing to pay minimum wage and overtime, and that Plaintiffs are therefore entitled to recover attorney's fees.

86. Labor Code section 1197.1 provides for recovery for employees who are paid a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission. For an initial violation that is intentionally committed, the penalty is one hundred dollars ($100) for each

underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to section 203. For each subsequent violation for the same specific offense, the penalty is two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203 and recovered pursuant to this section shall be paid to the affected employee.

87. Labor Code section 2699 provides for a civil penalty for the violation of Labor Code sections that lack a civil penalty provision of their own. The civil penalty is as follows: "If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." Plaintiffs allege that Sephora has potentially violated the following civil-penalty-less Labor Code sections: 201, 202, 203, 212, 219, 221 and 224.

88. IWC Wage Order 7-2001 provides for a civil penalty to be assessed against an employer who violates its provision. Section 20 thereof states, in relevant part: (A) In addition to any other civil penalties provided by law, any employer or any other person acting on behalf of the employer who violates, or causes to be violated, the provisions of this order, shall be subject to the civil penalty of: (1) Initial Violation — $50.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages. (2) Subsequent Violations — $100.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages.

89. Plaintiff will seek, on behalf of herself and all other similarly-situated individuals, this additional civil penalty against Sephora for its violation of IWC Wage Order 7-2001, section 3(A), as well as any additional violation of said Wage Order. Labor Code section 203 establishes a statutory penalty for willful violations of Labor Code sections 201 or 202. There has been a willful violation of

Labor Code sections 201 and 202 because, in part, Defendants cannot hide behind their ignorance of the California's wage and hour law. Plaintiff seeks civil penalties on behalf of themselves and all others similarly situated under Labor Code section 256 for Defendants' violation of sections 201, 202, and 203.

90. Plaintiff also seeks any civil penalties allowable under the Labor Code that arise out of the same set of operative facts as the claims made in this complaint and/or in the Notice.

91. Plaintiff additionally seeks any and all available injunctive relief and an award of reasonable attorney's fees and costs pursuant to Labor Code section 2699(g)(1).

92. Plaintiff and the Class are informed, believe, and thereon allege that at all times pertinent hereto, Labor Code section 2699(g)(1) provided in pertinent part, "…Nothing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part…."

WHEREFORE, Plaintiffs demand judgment against Defendants and each of them, as follows:

1. For all civil penalties, available under the Labor Code;
2. For reasonable attorney's fees and costs pursuant to California law, including, but not limited to California Labor Code section 2699(g)(1);
3. For such other and further relief that the Court deems just and proper;

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated: July 10th, 2017         **PALAY HEFELFINGER, APC**

By:_____/s/_____
DANIEL J. PALAY
Attorneys for Plaintiff JESSICA DURAN and
the Putative Class