1  ANDREW R. LIVINGSTON (SBN 148646)
   ALEXANDRA H. STATHOPOULOS (SBN 286681)
2  ALEXANDRA E. HEIFETZ (SBN 301002)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
3  The Orrick Building
   405 Howard Street
4  San Francisco, CA  94105-2669
   Telephone:   +1-415-773-5700
5  Facsimile:   +1-415-773-5759
   Email:        alivingston@orrick.com
6  Email:        astathopoulos@orrick.com
   Email:        aheifetz@orrick.com

7
   Attorneys for Defendant
8  SEPHORA USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA DURAN, an individual, for herself and those similarly situated; DOES 1 through 30,000; and the Putative Class,<br><br>Plaintiffs,<br><br>v.<br><br>SEPHORA USA, INC., a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:17-CV-1261-WHO<br><br>CLASS ACTION<br><br>**DEFENDANT SEPHORA USA, INC.'S REPLY REQUESTING THAT THE COURT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**<br><br>Date:       September 20, 2017<br>Time:      2:00 p.m.<br>Judge:     Hon. William H. Orrick<br>Place:     450 Golden Gate Avenue,<br>              Courtroom 2, 17th Floor<br>Filed:      March 9, 2017<br>Trial Date: None Set |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S REPLY REQUESTING THAT THE COURT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS (CASE NO. 3:17-CV-1261-WHO)

## I. INTRODUCTION

In an effort to keep her state claims before this Court, Plaintiff spends the bulk of her Opposition citing to inapposite caselaw and arguing that the Court does not have discretion to decline supplemental jurisdiction. Plaintiff's arguments miss the mark—the Court does have discretion and should exercise it here. Title 28, section 1367(c) of the United States Code provides this Court with four possible bases for exercising its discretion to decline to exercise supplemental jurisdiction, two of which apply directly to the facts and circumstances of this case and support the immediate dismissal of Plaintiff's state claims.

Plaintiff's California claims substantially predominate over her late, sparse FLSA claim, and the Court may decline to exercise its supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. §1367(c)(2). In addition, the coordinated *Martinez*, *Provencio*, and *Hernandez* cases (the "Sephora Wage and Hour Cases"), which contain pay card claims, wage statement claims, waiting time claims, PAGA claims, and other allegations and prayers for relief that overlap with Plaintiff's California claims in this case, are exceptional circumstances that provide compelling reasons for declining supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. § 1367(c)(4).

Plaintiff vaguely argues that she will be "prejudiced" because dismissing her state law claims would force her to "split" her claims. This argument relies on an imaginary legal standard that is inconsistent with section 1367(c). In addition, contrary to what Plaintiff asserts in her Opposition, declining to exercise supplemental jurisdiction would not prejudice Plaintiff or "split" her claims any more than they are already "split" insofar as they require application of different legal standards, require distinct bodies of proof, and are on two separate tracks with regard to certification because of the differences between Rule 23 and an FLSA collective action.

In sum, there are strong justifications why this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss those claims so that they may be coordinated with the Sephora Wage and Hour Cases.

//

//

## II. RECENT PROCEDURAL DEVELOPMENTS

On September 5, 2017, Judge Karnow held a Case Management Conference (CMC) in the Sephora Wage and Hour Cases. The parties informed Judge Karnow of the briefing and hearing schedule on the issue of supplemental jurisdiction in *Duran v. Sephora*. Judge Karnow issued a Case Management Order No. 2 (CMO No. 2) setting a further CMC for October 5, 2017 at 10:30 a.m. during which the parties must report on any relevant developments in *Duran* that might affect the matters to be handled in state court. *See* Request for Judicial Notice (RJN), *filed herewith*, Attachment A. The CMO No. 2 further states that the parties may, as a result of any developments in the *Duran* case, suggest changes to the timetable for class certification. Finally, the CMO No. 2 invites counsel in *Duran* to attend the October 5, 2017 CMC.

## III. ARGUMENT

### A. Federal Courts Have Discretion to Decline to Exercise Supplemental Jurisdiction Under the Four Bases in 28 U.S.C. § 1367(c).

Plaintiff misstates the applicable legal standard by asserting that supplemental jurisdiction is "mandatory" absent "special circumstances" and that the "court may only decline to exercise supplemental jurisdiction where, 'in exceptional circumstances, there are . . . compelling reasons' for doing so." (Dkt. No. 46, p. 2). This is wrong. Where it is determined that supplemental jurisdiction is appropriate under sections 1367 (a) and (b), the clear language of section 1367(c) provides ***four distinct bases*** under which the Court has discretion to decline to exercise supplemental jurisdiction. *See Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 24 F.3d 1545, 1555-57 (9th Cir. 1994) (*overruled on other grounds by, California Dept. of Water Resources v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008)).

Indeed, as discussed in Sephora's Additional Briefing (Dkt. No. 43), the factual predicates for two of the bases enumerated in section 1367(c) are present in this case. Under section 1367(c)(2), Plaintiff's California state claims substantially predominate over her FLSA claim, and under section 1367(c)(4), the Sephora Wage and Hour Cases coordinated before Judge Karnow are "exceptional circumstances" that provide compelling reasons for declining jurisdiction. Because either of these Code sections, alone, provides a basis for the Court to decline to exercise

supplemental jurisdiction, it may—and should—dismiss Plaintiff's state claims so that they may be litigated with the Sephora Wage and Hour Cases.[1]

### B. The Court Should Dismiss Plaintiff's State Claims Because They "Substantially Predominate" Over Her FLSA Claim.

In an attempt to convince the Court that her state claims do not substantially predominate over her FLSA claim under 28 U.S.C. § 1367(c)(2), Plaintiff cites to several cases that do not address the same facts present here. For the reasons described further below, these cases fail to show that the Court cannot exercise its discretion in this case. It can, and it should.

#### 1. Sharing a "Common Nucleus of Operative Facts" Is Not The Relevant Standard When Determining Whether State Claims "Substantially Predominate."

Plaintiff cites to *Mincy v. Staff Leasing, L.P.*, 100 F. Supp. 2d 1050 (D. Ariz. 2000) for the proposition that her state claims cannot predominate over her FLSA claim because the claims share a "common nucleus of operative facts." *Id.* at 1053-54. But sharing a "common nucleus of operative facts" is a predicate for supplemental jurisdiction, so Plaintiff's interpretation of *Mincy* would render section 1367(c)(2) completely void.[2] Because Congress is not in the business of codifying meaningless exceptions, a closer reading of *Mincy* is warranted. *See Cheng v. AIM Sports, Inc.*, No. CV103814PSGPLAX, 2011 WL 13176754, at *5 (C.D. Cal. May 19, 2011) ("Even if a 'common nucleus of operative fact' did exist, the Court would still decline supplemental jurisdiction, as it has discretion to do.").

The specific passage Plaintiff cites ("the "question [of when state claims predominate federal claims] has been presented and resolved in the Ninth Circuit and other circuits by determining whether or not the claims asserted share a common nucleus of operative facts,") does

---

[1] Once a factual basis is identified under section 1367(c), the exercise of discretion is informed by the animating values of *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)— "economy, convenience and fairness to litigants." *Executive Software*, 24 F.3d at 1557.

[2] Federal courts have supplemental jurisdiction over state law claims that "form part of the same case or controversy under Article III of the United States Constitution" as claims over which the court has original jurisdiction. 28 U.S.C. § 1367. Claims form part of the same case or controversy if they arise from a common nucleus of facts and if they would normally be tried together. *Bahrampour v. R.O. Lampert*, 356 F.3d 969, 978 (9th Cir.2004).

not address whether 1367(c)(2) supports dismissal of state law claims by themselves, but rather, whether the remand of a *federal claim* is appropriate where related state claims predominate.[3] That is not the issue here.

The court in *Mincy* went on to hold that the plaintiffs' state claims did not predominate over the federal claim because there was "only a single set of facts to be proven on the federal and state claims," and where "all claims arise from the same set of facts, … the state claims do not predominate the federal claim." *Id.* at 1051, 1054.  Applied to this case, *Mincy* supports *declining supplemental jurisdiction* under section 1367(c)(2), because here—unlike *Mincy*—there is not only a single set of facts to be proven for Plaintiff's federal and state claims.  As described in Sephora's Additional Briefing (Dkt. No. 43, pp. 3-5), although there is a subset of California employees for whom the same facts may resolve both their "Wages Owed" state claim and Plaintiff's FLSA claim for California collective class members, this narrow common ground is a drop in the ocean compared to the additional facts needed to litigate Plaintiff's other California state law claims (pay cards, wage statements, waiting time, PAGA, etc.) and her FLSA claim in the other 49 states.  Thus, this case is not like *Mincy*, and the reasoning in *Mincy* would support the Court declining supplemental jurisdiction.

**2.      Resolution of Plaintiff's FLSA Claim Would Not Resolve Her State Claims, Further Demonstrating That Her State Claims "Substantially Predominate" Over Her FLSA Claim.**

Plaintiff also relies heavily on a case from Oregon district court, *McElmurry v. US Bank Nat'l. Ass'n.*, No. CV-04-642-HU, 2004 WL 1675925, at *1 (D. Or. July 27, 2004), to argue that the Court does not have discretion to decline to exercise supplemental jurisdiction in this case.  But like *Mincy*, *McElmurry* does not share the same facts as this case.  The plaintiffs in *McElmurry* brought three FLSA claims and one derivative state waiting time claim.  *Id.* at *1. Contrastingly, here, Plaintiff's first three complaints contained a panoply of state law claims, and only in her Third Amended Complaint (TAC) did she make the decision to add a narrow FLSA

---

[3] *Carpenters Health and Welfare Trust Fund for California v. Tri Capital*, 25 F.3d 849 (9th Cir.), *cert denied*, 513 U.S. 1018 (1994)(no mention of 1367(c)(2)); *In re City of Mobile*, 75 F.3d 605, 607 (11th Cir. 1996)(holding that section 1367(c)(2) does not authorize a court to remand a *federal claim* to state court); *Williams v. Ragnone*, 147 F.3d 700, 703 (8th Cir. 1998)(same).

claim in a transparent bid to keep her case in federal court.  This amendment did not change the fundamental nature of Plaintiff's action, which is still predominantly a state law case.

The court in *McElmurry* held that "if… [a] plaintiff is successful in proving an FLSA violation, the late pay issue arises out of the same nucleus of operative fact if that plaintiff has been terminated.  This is sufficient for the exercise of supplemental jurisdiction." *Id.* at *4.  The same cannot be said here.  If Plaintiff is successful in proving an FSLA violation, she would not thereby have a basis to resolve her California pay card claim, her wage statement claim, her waiting time claim, her PAGA claim, or any of her California claims other than, perhaps, the "Wages Owed" claim.  Thus, the reasoning in *McElmurry* also does not apply here.

### 3. The Fact That FLSA Claims and State Claims Have Been Litigated Together In The Past Is Irrelevant To Whether 28 U.S.C. § 1367(c)(2) Provides A Basis For The Court To Exercise Its Discretion Here.

Plaintiff's Opposition also cites to a litany of other cases—including a number out-of-circuit cases—that purportedly show how "routine" it is for federal courts to adjudicate cases that involve both FLSA and state law claims.  This is both unsurprising and irrelevant.  These examples do not address the question of whether Plaintiff's state law claims predominate over her FLSA claim *in this case*, particularly in light of Plaintiff's tactical addition of an FLSA claim as an afterthought, and the sheer volume of state legal and factual issues raised in Plaintiff's TAC.  *See Schutza v. McDonald's Corp.*, 133 F. Supp. 3d 1241, 1247-48 (S.D. Cal. 2015); *see also Neary v. Metropolitan Property and Cas. Ins. Co.*, 472 F. Supp. 2d 247 (D. Conn. 2007).  Where a court determines that state law issues may predominate over the federal claims in a case—as they do here—the court has discretion to decline to exercise supplemental jurisdiction.

And here, the Court should decline supplemental jurisdiction for the reasons described in Sephora's Additional Briefing. (Dkt. No. 43, pp. 6-7).  As demonstrated by Judge Karnow's CMO No. 2, Plaintiff's state claims would be litigated in an orderly, efficient, and sensible manner as one of the coordinated Sephora Wage and Hour Cases.  Allowing Plaintiff's state law claims to proceed in this Court may unnecessarily complicate matters of proof with respect to Plaintiff's FLSA claim, confuse the issues in this case, and involve unnecessary decisions of state law.  In addition, it may result in inconsistent rulings and difficulty ultimately resolving the

- 5 -

DEFENDANT'S REPLY REQUESTING THAT THE COURT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS (CASE NO. 3:17-CV-1261-WHO)

Sephora Wage and Hour Cases if Plaintiff's overlapping state claims are separately litigated in this Court. Thus, Defendant respectfully requests that the Court exercise its discretion and decline supplemental jurisdiction over Plaintiff's state claims.

### C. The Court Should Dismiss Plaintiff's State Claims Because "Exceptional Circumstances" Exist Under § 1367(c)(4).

In an attempt to show that 28 U.S.C. § 1367(c)(4) does not provide a basis for the Court to exercise its discretion to decline supplemental jurisdiction, Plaintiff relies heavily *McElmurry*, *supra*, to argue that the three pending state court actions coordinated before Judge Karnow are not "exceptional circumstances" that provide compelling reasons to decline to exercise supplemental jurisdiction. However, *McElmurry* only gives 1367(c)(4) cursory treatment, and Plaintiff cannot show that the circumstances in that case mirror those in this case.

In *McElmurry*, the defendant argued that because there were two pending state court cases raising similar rounding and waiting time claims, the court should decline to exercise supplemental jurisdiction. *McElmurry*, No. CV-04-642-HU, 2004 WL 1675925, at *4. The court did not find that these two cases were "exceptional circumstances" because they did not involve the same parties. *Id.* It is not clear whether the two state court cases in *McElmurry* were further along than the federal case, whether they had been coordinated through a procedure similar to California's Judicial Council Coordinated Proceedings (JCCP) process, whether they had been designated as Complex, what the purported class definition(s) were, or whether they had been assigned for all purposes to one state court judge. In other words, the court's decision in *McElmurry* is not instructive under the unique circumstances present in this case.[4]

*McElmurry* stands in sharp contrast to *Polaris Pool Sys. v. Letro Prods., Inc.*, 161 F.R.D. 422, 425 (C.D. Cal. 1995), which suggests that a pending state court action may constitute "exceptional circumstances" for purposes of satisfying the factual prerequisites of 28 U.S.C. § 1367(c)(4). In *Polaris*, the court issued an order to show cause why it should not dismiss certain counterclaims under section 1367(c) where a pending state court action contained similar claims. *Polaris*, 161 F.R.D. at 425. The court held that "[e]ven if this case does not fit within

---

[4] As discussed above, another notable difference is that *McElmurry* involved three FLSA claims and only one derivative state claim for waiting time pay.

- 6 -

DEFENDANT'S REPLY REQUESTING THAT THE COURT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS (CASE NO. 3:17-CV-1261-WHO)

one of the three exceptions listed in 28 U.S.C. § 1367(c), it may fit within the fourth exception." *Id.* Further, the court reasoned that "[r]ejection of supplemental jurisdiction over these state-law counterclaims in light of the pending state court action may further 'the values of economy, convenience, fairness, and comity,'" and that "the pending state court action probably constitutes 'exceptional circumstances.'" *Id.; see also Cheng v. AIM Sports, Inc.*, No. CV103814PSGPLAX, 2011 WL 13176754, at *6 (C.D. Cal. May 19, 2011) (declining supplemental jurisdiction under sections 1367(c)(2) and (4) and holding that the prosecution of the same claims in a state court action were "exceptional circumstances").

Here, there is not just one pending state court action as in *Polaris*, nor are there two pending state court actions as in *McElmurry*. There are ***three*** pending state court actions that have been coordinated and assigned to Judge Karnow through the JCCP process. Judge Karnow is a Complex judge who has shown a commitment to managing the overlapping, related claims of the coordinated actions as inclusively and thoughtfully as possible. It would make the most sense to address all of the overlapping and related California wage and hour issues—including those raised by Plaintiff—in one court, before one judge, at the same time. Any prospect of resolution of the Sephora Wage and Hour Cases and Plaintiff's state claims would be substantially improved by having the cases coordinated in one place. Under these exceptional circumstances, there are compelling reasons why the Court should decline to exercise supplemental jurisdiction and dismiss Plaintiff's state claims so that they may be litigated with the Sephora Wage and Hour Cases before Judge Karnow.

### D. **The Animating Values of *Gibbs* Would Be Satisfied If the Court Dismisses Plaintiff's State Claims.**

Plaintiff argues that the values of judicial economy, convenience, fairness, and comity would not be met because, again, she claims this case is like *McElmurry*. (Dkt. No. 46, pp. 6-7). For the reasons described above, this case is not factually similar to *McElmurry*, nor is this Court required arrive at the same conclusion. *McElmurry* involved three FLSA claims, and a derivative state waiting time claim. *Id.* at *1. The *McElmurry* court did not find that the *Gibbs* values were present, in part, because the pending state cases would not resolve the FLSA claims, and the state

- 7 -
DEFENDANT'S REPLY REQUESTING THAT THE COURT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER
PLAINTIFF'S STATE LAW CLAIMS (CASE NO. 3:17-CV-1261-WHO)

1  court litigation was not completely protect the plaintiffs' rights. The same is not the case here.

2  If the Court dismisses Plaintiff's state claims, they will be litigated and resolved in tandem
3  with the Sephora Wage and Hour Cases applying California substantive and procedural laws,
4  maximizing judicial economy. Meanwhile, her FLSA claim and the FLSA claim in *Hernandez v.*
5  *Sephora*, Case No. 16-CV-05392-WHO (which also has a state counterpart in the Sephora Wage
6  and Hour Cases) will be continue to be litigated in this Court under the collective action
7  procedures outlined in the FLSA and applicable federal laws. The *Gibbs* values of economy,
8  convenience, and fairness to litigants would be met if Plaintiff's state claims were dismissed and
9  re-filed in state court. *Gibbs*, 383 U.S. at 726 (1966). There is simplicity and fairness in this
10 solution, and the Court should exercise its discretion to this end.

11 **E.      Declining Supplemental Jurisdiction Will Not Result in Any Impermissible "Splitting" of Plaintiff's Causes of Action.**
12

13 Plaintiff further argues that she cannot be forced to "split" her causes of action, and
14 advances the idea that because this Court unquestionably has jurisdiction over Plaintiff's FLSA
15 claim, the Court cannot decline to exercise jurisdiction over her state claims. (Dkt. No. 46, pp. 7-
16 9). This assertion is inconsistent with the very principles of supplemental jurisdiction codified in
17 28 U.S.C. § 1367(a)-(c), which allow a district court the discretion to decline supplemental
18 jurisdiction where any of the bases in section 1367(c) are met. *See Executive Software*, 24 F.3d at
19 1555-57 (9th Cir. 1994). There is no exception in the statute or supported by the caselaw that
20 states a court can only exercise its discretion under section 1367(c) where doing so would not
21 "split" any causes of action.

22 Indeed, it is not even clear what Plaintiff means when she says her claims would be "split"
23 if her state claims were dismissed and litigated in state court. As it stands, the state claims in her
24 TAC are subject to the procedural requirements of Fed. R. Civ. Proc. 23, whereas her federal
25 cause of action is subject to the differing FLSA collective action requirements. Thus, her claims
26 are already "split" in terms of the procedural steps that will be necessary to litigate them. Her
27 state claims and FLSA claim are also already "split" on the substance in that they require the
28 Court to reference different sets of facts. There is perhaps a relatively narrow set of facts that

- 8 -

would apply to both Plaintiff's "Wages Owed" state claim and her FLSA claim for California putative class and collective action members, but Plaintiff has not shown that she would be prejudiced in any way by applying these facts in two separate fora. Indeed, plaintiffs' counsel in *Hernandez* did this ***voluntarily*** when they dismissed their state claims from the case they originally filed in this Court—leaving only their FLSA claim in federal court—and refiled their state claims to be coordinated with the Sephora Wage and Hour Cases. There is no difference between this case and *Hernandez*, other than Plaintiff's apparent strategic desire to speed ahead of the earlier-filed state court actions.

## IV.  CONCLUSION

For the foregoing reasons, Sephora requests that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and dismiss her state law claims so they may be coordinated with the Sephora Wage and Hour Cases in state court. If the Court dismisses Plaintiff's state law claims, a CMC is set in the Sephora Wage and Hour Cases for October 5, 2017 at 10:30 a.m. during which Judge Karnow and the parties will be able to discuss next steps. *See* RJN, Attachment A.

Dated:   September 8, 2017

ANDREW R. LIVINGSTON
ALEXANDRA H. STATHOPOULOS
Orrick, Herrington & Sutcliffe LLP

By:   /s/ *Andrew R. Livingston*
ANDREW R. LIVINGSTON
Attorneys for Defendant
SEPHORA USA, INC.