UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA DURAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SEPHORA USA, INC.,<br><br>　　　　　Defendant. | Case No. 17-cv-01261-WHO<br><br>**ORDER DISMISSING STATE LAW CLAIMS** |

In her Third Amended Complaint, plaintiff Jessica Duran alleges six causes of action against Sephora. Of those causes of action, five are state claims and only one – her Fair Labor Standard Act (FLSA) claim, is federal. Sephora requests that I decline to exercise supplemental jurisdiction over the state claims, because the state law claims predominate over the FLSA claim and because "exceptional circumstances" exist in that there are three other consolidated class actions pending in California state court that assert overlapping state law claims. Duran opposes because her FLSA claim and the state law claims arise from a common-nucleus of operative facts and because the claims already being pursued in state court *do not* include one of her theories of relief (that overtime was not calculated on the correct base rate).

There is substantial overlap between the state law claims Duran asserts in this case and the ones pending in state court, she would not be prejudiced by litigating her state law claims in state court, and judicial economy would be served by having all of the overlapping state law claims tried in one tribunal. I decline to exercise supplemental jurisdiction over the state law claims and GRANT the motion to dismiss them without prejudice. The September 20, 2017, hearing is VACATED. Civil L.R. 7-1(b).

**BACKGROUND**

Duran filed suit on March 9, 2017, asserting only California labor claims on behalf of herself and a purported class of Sephora employees. Complaint [Dkt. No. 1]. On May 16, 2017, Duran filed a Second Amended Complaint, adding a claim for civil penalties under California's Private Attorney's General Act (PAGA). Second Amended Complaint [Dkt. 22] at 10. On June 23, 2017, Sephora moved to dismiss under Rule 12(b)(1), arguing this Court lacked subject matter jurisdiction over the claims under the Class Action Fairness Act (CAFA). Motion to Dismiss [Dkt. No. 32].

On August 11, 2017, I granted Sephora's motion to dismiss for lack of CAFA jurisdiction, but granted Duran's contemporaneous motion for leave to amend to add a FLSA claim, thereby creating subject matter jurisdiction. Order [Dkt. No. 42] at 10. At that time I requested additional briefing on whether I should decline to exercise supplemental jurisdiction on the state law claims in Duran's Third Amended Complaint, particularly in light of the fact that there are three consolidated class action cases asserting wage and hour claims pending against Sephora in state court. *Id.*

In her TAC, Duran asserts the following state law wage and hour claims: (i) failure to pay wages (based on failure to pay overtime or double-time in accordance with California law, failure to include non-discretionary bonuses in the calculation of the overtime rate, and failure to pay wages within 72 hours after termination); (ii) Unfair Competition under Bus. & Prof. Code § 17200; (iii) violation of California Labor Code § 226 (based on failure to provide accurate wage statements); (iv) violation of California Labor Code § 212 (based on failure to provide a negotiable check); and (v) a claim for civil penalties under California's Private Attorneys General Act (PAGA). Third Amended Complaint [Dkt. No. 45] at 1.

Consolidated before the Hon. Curtis E. A. Karnow in California Superior Court, County of San Francisco, are three class actions against Sephora. Sephora Request for Judicial Notice, Dkt. No. 44, Attachments A-C. The plaintiffs in those cases assert California wage and hour claims against Sephora, including for failure to pay wages owed, including overtime (based on allegations of off-the-clock work, failure to pay reporting time, and failure to provide meal and rest breaks),

2

failure to provide accurate wage statements, failure to pay wages within 72 hours of termination, unfair competition, and PAGA civil penalties. *Id*. Judge Karnow is aware of the pendency of the state law claims in this case. Sephora Request for Judicial Notice, Dkt. No. 49, Attachment D (CMC Order No. 2). Judge Karnow has set a further Case Management Conference for October 5, 2017 for the consolidated cases, at which the parties will report to him on any developments with respect to the state law claims at issue here. *Id*. He acknowledged that the parties in the consolidated cases may – if necessitated by dismissal of the state law claims here and their refiling in state court – suggest changes to the timetable for class certification. Finally, he invited counsel for *Duran* to attend the October 5, 2017 CMC. *Id*.[1]

**LEGAL STANDARD**

28 U.S.C Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

If there is supplemental jurisdiction over state claims, a court may nonetheless decline to exercise supplemental jurisdiction if the claim (i) raises a novel or complex issue of state law, (ii) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (iii) the district court has dismissed all claims over which it has original jurisdiction, or (iv) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C.A. § 1367(c). The decision to decline supplemental jurisdiction must at all times be informed by the "values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *Mine Workers v. Gibbs*, 383 U.S. 715 (1966)).

---

[1] Sephora's Requests for Judicial Notice of the state court pleadings and CMC No. 2 [Dkt. Nos. 44 and 49] are GRANTED

# DISCUSSION

## I. THE STATE LAW CLAIMS SUBSTANTIALLY PREDOMINATE OVER THE FEDERAL FLSA CLAIM

State law claims substantially predominate over federal claims when litigating the state claims in federal court can be seen as allowing a "federal tail to wag what in substance is a state dog." *Allen v. Cty. of Monterey*, No. C-06-07293 RMW, 2007 WL 3070973, at *5 (N.D. Cal. Oct. 19, 2007) *citing De Asencio v. Tyson Foods, Inc.,* 342 F.3d 301, 309 (3d Cir. 2003). The court must examine the scope and proof required and the comprehensiveness of the remedies available for both the state and federal claims as well as the possibility of dismissing state claims without prejudice. *De Asencio*, 342 F.3d at 312. Courts should decline supplemental jurisdiction when the state interest is "disproportionately high" compared to the federal claim granting jurisdiction. *Richtek Tech. Corp. v. UPI Semiconductor Corp.*, No. C 09-05659 WHA, 2011 WL 13152737, at *3 (N.D. Cal. Jan. 3, 2011) *citing De Asencio*, 342 F.3d at 306-312.

Here, Duran has five separate state law claims for failure to pay wages owed, violation of Section 17200, violation of California Labor Code §§ 226 and 212, and civil penalties under PAGA. Third Amended Complaint [Dkt. No. 45]. The one federal cause of action is a violation of FLSA, and that claim is specifically tied to the same conduct that forms part of the basis of Duran's state law claim for failure to pay wages owed. *Id.* ¶¶ 15, 34. Duran bases her FLSA claim on Sephora's failure to include employees' non-discretionary bonuses in the calculation of the overtime hourly rates. *Id.* ¶ 34. Duran's first cause of action under California law for failure to pay wages owed also relies on this same allegation; failure to include non-discretionary bonuses in calculating base overtime rate. *Id.* ¶ 15. The overlap between the one federal claim and one of her five state claims is high. Moreover, the one state claim for failure to pay wages owed not only covers all portions of her FLSA claim, but adds other more extensive allegations of failure to pay wages including not being paid the correct hourly wage, not having overtime or double time paid for all hours worked, and no payment within 72 hours of termination.

In these circumstances, the state law claims go beyond and far exceed the one federal question and predominate. Once the one common factual question between the FLSA claim and

part of the "wages owed" state law claim is resolved – the appropriate calculation of the base overtime rate in light of non-discretionary bonuses – then there will still be numerous questions of state law to answer regarding payment of wages within 72 hours of termination, accuracy of pay stubs, negotiability of paychecks, and appropriate civil penalties. I note that if there were not substantially similar state law cases pending in state court, then the predominance of the state law claims would not necessarily counsel against exercising supplemental jurisdiction here. However, as discussed below, given the significant overlap between pending cases, the lack of prejudice to plaintiff, and the resulting judicial efficiencies, the predominance of the state law claims counsels strongly in favor of declining supplemental jurisdiction in this case.

## II. OTHER COMPELLING REASONS FOR DECLINING JURISDICTION

Under this subsection of § 1367(c), supplemental jurisdiction may be declined where "exceptional circumstances" exist that provide other "compelling reasons." *See Exec. Software N. Am., Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 24 F.3d 1545, 1557 (9th Cir. 1994) overruled on other grounds by *California Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

Here, the circumstances are exceptional. There are three cases in state court that have similar claims that have been coordinated, and Judge Karnow is aware of and willing to accommodate Duran's state law claims in those proceedings. Duran argues that the other state court actions do not amount to exceptional circumstances or compelling reasons because no motion for class certification has yet been filed (therefore, her claims are not already within the bounds of those cases) and a claim for failure to pay the correct overtime rate based on non-discretionary bonuses is not asserted in those cases. Oppo. [Dkt. No. 46] at 5. However, the state court cases do have a substantial, if not total, overlap to the claims Duran asserts here. And while Duran may assert a different *ground* for failure to pay wages, specifically failure to calculate the correct overtime base rate, the overtime claims being litigated in state court will likely impact the viability of her claim. It makes the most sense for all state law overtime claims to be litigated in one forum. This will achieve significant judicial economies and allow an orderly determination of whether and how Sephora failed to pay overtime at the correct rate. There is also no unfairness to

Duran, given Judge Karnow's willingness to modify the case schedule to allow her claims to be fully litigated there.

## CONCLUSION

Duran's state law claims predominate over the federal claim. Exceptional circumstances also exist. I decline to exercise supplemental jurisdiction over Duran's state law claims; those claims are DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: September 18, 2017

William H. Orrick
United States District Judge