Alejandro P. Gutierrez, SBN 107688
**HATHAWAY, PERRETT, WEBSTER, POWERS,**
**CHRISMAN & GUTIERREZ, APC**
200 Hathaway Building
5450 Telegraph Road, Suite 200
Post Office Box 3577
Ventura, CA 93006-3577
Telephone: (805) 644-7111
Facsimile: (805) 644-8296
E-mail: agutierrez@hathawaylawfirm.com

Daniel J. Palay, SBN 159348
Brian D. Hefelfinger, SBN 253054
**PALAY HEFELFINGER, APC**
1484 E. Main Street
Suite 105-B
Ventura, CA 93001
Telephone: (805) 628-8220
Facsimile: (805) 765-8600
E-mail: djp@calemploymentcounsel.com

Attorneys for Plaintiff JESSICA DURAN and the Putative Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA DURAN, an individual, for herself and those similarly situated; ROES 1 through 30,000; and the Putative Class,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>SEPHORA USA, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendants. | CASE NO: 3:17-cv-01261-WHO<br>Action filed: 3/9/2017<br>Assigned to: Judge William H. Orrick<br><br><u>CLASS ACTION</u><br><br>**STIPULATION OF DISMISSAL AND ORDER** |

///

///

1

**STIPULATION AND ORDER RE VOLUNTARY DISMISSAL OF PLAINTIFF'S COMPLAINT – 3:17-cv-01261-WHO**

WHEREAS, Plaintiff filed this action on March 9, 2017 on behalf of a purported class of all employees of Sephora, asserting claims under California law, including a claim for unpaid wages based on the theory that Sephora does not properly compute overtime on certain non-discretionary bonuses; a related wage statement claim under Labor Code section 226, a claim under Labor Code § 212 concerning Sephora's provision of pay cards to employees under certain circumstances, and derivative claims under California's Unfair Competition Law. (ECF Dkt. No. 1);

WHEREAS, on March 31, 2017, Plaintiff filed her First Amended Complaint to correct a minor date error in the class definition (Dkt. No. 15) and on May 16, 2017, after having complied with all procedural requirements of PAGA by giving notice to the California Labor and Workforce Development Agency, Plaintiff filed her Second Amended Complaint, which added a cause of action for civil penalties under the Labor Code Private Attorney's General Act. (Dkt. No. 22);

WHEREAS, on April 14, 2017, Defendant Sephora USA, Inc. duly answered Plaintiff's First Amended Complaint. (Dkt. No. 19);

WHEREAS, on June 23, 2017, Defendant Sephora USA, Inc. moved to dismiss Duran's Second Amended Complaint under Rule 12(b)(1), asserting that the Court lacks jurisdiction to hear Duran's class claims under CAFA. (Dkt. No. 32);

WHEREAS, in response, Duran filed a motion for leave to amend seeking to add FLSA claims to her complaint. (Dkt. No. 35);

WHEREAS, on August 11, 2017, the Court granted Plaintiff's motion for leave to file a third amended complaint. (Dkt. No. 42);

WHEREAS, in its Order, the Court instructed the parties to submit additional briefing on the issue of supplemental jurisdiction over Plaintiff's state law claims;

WHEREAS, on August 24, 2017, Plaintiff filed her Third Amended Complaint. (Dkt. No. 45);

WHEREAS, Defendant Sephora USA, Inc. duly answered Plaintiff's Third Amended Complaint on September 7, 2017. (Dkt. No. 47);

WHEREAS, on September 18, 2017, after considering the parties' additional briefing on the issue of supplemental jurisdiction over Plaintiff's state law claims, the Court dismissed Plaintiff's state law claims without prejudice, finding Plaintiff's "state law claims predominate over the federal claim." (Dkt. No. 51);

WHEREAS, Plaintiff thereafter on September 22, 2017 filed an action in the Superior Court for the State of California, County of San Francisco entitled *Duran v. Sephora USA, Inc.,* No. CGC-17-561452 asserting state claims;

WHEREAS, after taking the FRCP 30(b)(6) deposition of Sephora's designated corporate witness in November 2017, Plaintiff's counsel determined that liability for Plaintiff's FLSA claims would be difficult to prove and damages would be de minimis even if liability was proven;

WHEREAS, the parties agreed to dismiss the matter with a mutual waiver of costs;

WHEREAS, no class notice was ever sent to the members of the putative class;

IT IS THEREFORE STIPULATED by and between Plaintiff Jessica Duran and defendant Sephora USA, Inc. through their designated counsel that the above-captioned action should be dismissed without prejudice as to Ms. Duran as an individual and those similarly situated pursuant to FRCP 41(a)(1). The parties further stipulate that the parties shall bear their own attorney's fees, expenses and costs.

IT IS SO STIPULATED.

Dated: November 30, 2017  HATHAWAY, PERRETT, WEBSTER, POWERS, CHRISMAN & GUTIERREZ, APC

By: /s/
ALEJANDRO P. GUTIERREZ
Attorneys for Plaintiff Jessica Duran and the Putative Class

Dated: November 30, 201  ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/
ALEXANDRA H. STATHOPOULOS
Attorneys for Defendant Sephora USA, Inc.

# **ORDER**

The Court, having considered the stipulation of the parties, and good cause appearing therefor, orders as follows:

1. The action is dismissed without prejudice as against Defendant Sephora USA, Inc. pursuant to FRCP 41(a)(1);

2. Each party shall bear their own costs and attorney's fees.

IT IS SO ORDERED.

Dated: November 30, 2017  _____
Honorable William H. Orrick
United States District Judge